IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

B&D PROPERTIES, LLP

    Plaintiff,

    v.                                      CIVIL ACTION NO.:  17-540-JJB-EWD

THE NATIONAL FLOOD
INSURANCE PROGRAM,

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes the United States of America, on behalf of its program and instrumentality, the National Flood Insurance Program ("NFIP"), the sole named defendant to this civil action, which files this Answer and Affirmative Defenses to B&D Properties, LLP's ("Plaintiff") Complaint.  Defendant respectfully avers as follows:

    1.    The allegations contained in Paragraph 1 of the Complaint are conclusions of law regarding the scope and extent of the Court's jurisdiction to which no response is required.  To the extent an answer is required, Defendant denies that Plaintiff has identified any legitimate basis of this Court's subject matter jurisdiction over this civil action.

    2.    In response to Paragraph 2 of the Complaint, Defendant admits that a Standard Flood Insurance Policy ("SFIP") bearing policy number 3000266978 covering the property with the stated address of 188 Veterans Boulevard, Denham Springs, Louisiana 70726[1] was issued by

---

[1] The address of Plaintiff's property is unclear.  Plaintiff states the address for policy number 3000266978 as 8539 La Highway 16, Denham Springs, Louisiana 70706.  Complaint, Doc 1, paragraph 5.  However, Plaintiff's flood insurance declaration page for policy 3000266978 provides the property address as 188 Veterans Boulevard, Denham Springs, Louisiana 70726.  Further, the property address provided in the Proof of Loss and Independent Adjuster's report is Lot 11-A Highpoint West, Denham Springs, LA 70726.

the NFIP to Plaintiff. Defendant denies the remaining averments contained in Paragraph 2 of the Complaint, and specifically denies that the NFIP is a proper defendant to this civil action.[2]

## FLOOD INSURANCE CLAIM

3. Paragraph 3 repeats, reiterates and re-alleges each and every allegation set forth in the prior paragraphs of the Complaint. Defendant adopts and incorporates its answers to paragraphs 1 through 2 in response.

4. Defendant admits an SFIP bearing policy number 3000266978 covering the property with the stated address of 311 Veterans Boulevard, Denham Springs, Louisiana 70726 was issued by Defendant to Plaintiff. Any other allegation expressed or implied is denied for lack of sufficient information or knowledge to justify a belief therein.

5. Defendant admits an SFIP bearing policy number 3000266978 covering the property with the stated address of 311 Veterans Boulevard, Denham Springs, Louisiana 70726 was issued by Defendant to Plaintiff. Any other allegation expressed or implied is denied.

6. Defendant admits an SFIP bearing policy number 3000266978 covering the property with the stated address of 311 Veterans Boulevard, Denham Springs, Louisiana 70726 was in full force and effect during the alleged date of flood loss, August 11, 2016. Any other allegation expressed or implied is denied.

7. The allegations contained in Paragraph 7 are admitted only insofar as rain began to fall in Livingston Parish, State of Louisiana, on or about August 11, 2016, resulting in flooding and some flood related damages to Plaintiffs' property. Defendant further admits that FEMA issued a Major Disaster Declaration for Louisiana Severe Storms and Flooding (DR-4277) for this event. All other allegations are denied.

---

[2] The controlling statute, 42 U.S.C. § 4072, authorizes suit only against the Administrator of the Federal Emergency Management Agency ("FEMA").

2

8. As to the allegations in Paragraph 8 of the Complaint, Defendant admits that Plaintiff gave notice of its loss to FEMA as required by SFIP Section VII(J)(1). Defendant denies the remaining allegations contained in Paragraph 8. Defendant further avers Plaintiff's claim was thoroughly investigated and Plaintiff was compensated in full under the terms and conditions of their SFIP.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. Defendant further avers Plaintiff's claim was thoroughly investigated, adjusted and paid in full under the terms of their SFIP.

## COUNT 1
## DECLARATORY RELIEF -- FLOOD

12. Paragraph 12 repeats, reiterates and re-alleges each and every allegation set forth in the prior paragraphs of the Complaint. Defendant adopts and incorporates its answers to paragraphs 1 through 11 in response.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint. Defendant further avers Plaintiff's claim was thoroughly investigated, adjusted, and paid in full under the terms of their SFIP.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant further denies that this Court has subject matter jurisdiction over Plaintiff's claim for declaratory relief against Defendant.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint. Defendant further denies that this Court has subject matter jurisdiction over Plaintiff's claim for declaratory relief against Defendant.

## COUNT 2
## BREACH OF CONTRACT – FLOOD

17. Paragraph 17 repeats, reiterates and re-alleges each and every allegation set forth in the prior paragraphs 1 through 15 of the Complaint. Defendant adopts and incorporates its answers to paragraphs 1 through 15 in response.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff gave notice of its loss to Defendant as required by SFIP Section VII(J)(1). Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

Plaintiff's final unnumbered WHEREFORE Paragraph is a claim for relief, which does not require an Answer from Defendant, but out of an abundance of caution, Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

AND NOW, in further response to the Complaint, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief. The Complaint does not identify any provisions of the SFIP that Defendant has supposedly breached; nor does the Complaint allege how Defendant breached any such provision.

## SECOND DEFENSE

Plaintiff is required by SFIP section VII(J) and (K) to document the items of damages for which it seeks recovery by detailing the quantity, description, actual cash value of such property, and providing the amount of loss supported by bills, receipts, and related documents. Because Plaintiff has not fulfilled this requirement, Plaintiff has not submitted a valid proof of loss and is not entitled to recover on its claim.

## THIRD DEFENSE

The SFIP is a single-risk policy that only covers "direct physical loss by or from flood" as defined in Article II of the SFIP, and then only to the extent permitted by the National Flood Insurance Act and any amendments thereto, the terms and conditions of the SFIP itself, and the applicable federal laws, rules and regulations. *See* 44 C.F.R. §61, App. A(1). *See also* 44 C.F.R. §61.4 and all subparts thereto, and §61.5(e). Incidental and consequential damages, including but not limited to damages for loss of use or loss of access, loss of revenue or profits, the cost of complying with any ordinance or law governing reconstruction, or any other economic loss, are excluded by the SFIP. *See* Section V(A) of the SFIP (Exclusions).

## CONCLUSION

WHEREFORE Defendant prays that after due proceedings, Plaintiff take nothing, and that an Order be issued herein dismissing all claims of Plaintiff, with prejudice.

        UNITED STATES OF AMERICA, by

        COREY R. AMUNDSON
        ACTING UNITED STATES ATTORNEY


        /s/ John J. Gaupp
        John J. Gaupp, LBN 14976
        Assistant United States Attorney
        777 Florida Street, Suite 208
        Baton Rouge, Louisiana  70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0685
        E-mail: john.gaupp@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of November, 2017, I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system.  I also certify that the foregoing document is being served this day on all known counsel of record via the Court's electronic filing system.

        /s/ John J. Gaupp
        John J. Gaupp, LBN 14976
        Assistant United States Attorney